**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  15-30268 |
| Plaintiff-Appellee, | D.C. No. 1:94-cr-00082-SPW |
| v. | |
| DEAN LAFROMBOISE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Dean LaFromboise appeals pro se from the district court's order granting in part his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

LaFromboise first contends that the district court erred by failing to apply Amendment 782 to all the counts of conviction. This contention fails because the court followed the proper procedure. Specifically, the court lowered the base offense level by two, as required by Amendment 782, and correctly calculated an amended Guidelines range of 292 to 365 months. It then reduced the overall sentence to 347 months, within the amended range. The court's decision to apportion the 73-month reduction to only two of the counts of conviction was not improper. *See generally Dillon v. United States*, 560 U.S. 817, 827 (2010) (describing step one the resentencing process under section 3582(c)(2)). To the extent LaFromboise argues that the court failed to explain why it did not grant a greater reduction, the record reflects that the court considered the parties' arguments and selected a sentence between the low-end sentence requested by LaFromboise and the high-end sentence requested by the government. *See United States v. Carty*, 520 U.S. 984, 992 (9th Cir. 2008) (en banc).

LaFromboise next contends that the district court abused its discretion because his age, post-sentencing conduct, and other mitigating factors supported a greater reduction in his sentence. The district court did not abuse its discretion in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances,

including the nature of LaFromboise's offenses.  *See United States v. Dunn*, 728 F.3d 1151, 1155, 1159 (9th Cir. 2013).

Finally, LaFromboise argues that the district court erred at his 2006 resentencing hearing in various ways.  These contentions are not cognizable in a section 3582(c)(2) proceeding.  *See Dillon*, 560 U.S. at 831.

**AFFIRMED.**

15-30268