**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>EFREN GALLEGOS-RAYMUNDO,<br><br>Defendant-Appellant. | No. 15-30099<br><br>D.C. No.<br>2:09-cr-00013-JLR-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>EFREN GALLEGOS-RAYMUNDO,<br><br>Defendant-Appellant. | No. 15-30101<br><br>D.C. No.<br>2:08-cr-00159-JLR-4 |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee, | No. 15-30102<br><br>D.C. No. |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

v.

EFREN GALLEGOS-RAYMUNDO,

Defendant-Appellant.

2:13-cr-00023-JLR-1

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 9, 2017
Seattle, Washington

Before: McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

Efren Gallegos-Raymundo appeals the district court's order granting his motion for reduction in sentence and reducing his sentence from 78 months to 75 months. He argues the district court should have reduced his sentence by a greater amount. We have jurisdiction to hear this appeal, 28 U.S.C. § 1291, and we vacate and remand.

Section 3582(c)(2) of Title 18 of the United States Code "authorizes district courts to modify an imposed sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). When considering a § 3582(c)(2) motion, a district court must apply a "two-step

2

inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "First, a district court must determine whether a prisoner is eligible for a sentence modification." *Dunn*, 728 F.3d at 1155. The parties agree that Gallegos-Raymundo is eligible for a sentence reduction, because Amendment 782 to the Sentencing Guidelines lowered "the guideline range applicable to [him]" after he was initially sentenced, *see* U.S. Sentencing Guidelines Manual § 1B1.10(a)(1), (d) (U.S. Sentencing Comm'n 2015), and his sentence "based on" that guideline range, see 18 U.S.C. § 3582(c)(2).

At step two, "a district court must 'consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Dunn*, 728 F.3d at 1155 (quoting *Dillon*, 560 U.S. at 827). "The district court's duty to consider the § 3553(a) factors necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013) (citing *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)). In addition, "when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor . . . then the

3

judge should normally explain why he accepts or rejects the party's position." *Id.* (omission in original) (quoting *Carty*, 520 F.3d at 992–93).

The district court did not provide any explanation for its decision to reduce Gallegos-Raymundo's sentence from 78 months to 75 months. Thus, the district court has not met its duty to explain its consideration of the § 3553(a) factors and any specific arguments raised by the parties. *See id.* at 1009–10. "[T]his was legal error." *Id.* at 1011. Therefore, we must vacate the district court's order and remand this case so the district court can provide the requisite explanation.

**VACATED and REMANDED.**