**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> RAUL MORENO, <br><br> Defendant-Appellant. | No.   16-50420 <br><br> D.C. No. 3:10-cr-03044-WQH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Raul Moreno appeals from the district court's order denying his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Moreno argues that the district court erred by failing to consider all of the 18

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 3553(a) sentencing factors. He also contends that the court failed to consider his argument that he was entitled to a sentence reduction because the only fact that had changed since his original sentencing was a reduction in his allegedly overinflated Guidelines range. The record reflects that the court acknowledged the reduced Guidelines range and Moreno's eligibility for a reduction before discussing several of the section 3553(a) factors and its reasons for denying the reduction in light of those factors. On this record, we conclude that the court considered the section 3553(a) factors and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (describing what constitutes an adequate explanation and stating that "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them").

Moreno also contends that his 168-month sentence is substantively unreasonable in light of his post-sentencing rehabilitation and other mitigating factors. The district court did not abuse its discretion in declining to reduce Moreno's sentence. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). The 168-month sentence, which is within the amended Guidelines range, is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense. *See Dunn*, 728 F.3d at 1158-59.

**AFFIRMED.**

16-50420