**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

            Plaintiff-Appellee,

    v.

DORIAN SHAREEF FOWLER,

            Defendant-Appellant.

No.    16-50462

D.C. No. 3:11-cr-04522-LAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

    Dorian Shareef Fowler appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291.  We review the denial of a section 3582(c)(2)

motion for abuse of discretion, *see United States v. Dunn*, 728 F.3d 1151, 1155

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2013), and we affirm.

Fowler contends that in denying his section 3582(c)(2) motion, the district court placed too much weight on his criminal history and failed to consider the purpose of Amendment 782 to the Sentencing Guidelines. After finding that Fowler was eligible for a reduction under Amendment 782, the district court properly considered the 18 U.S.C. § 3553(a) factors in analyzing whether a reduction was warranted. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). The district court then concluded that the original 180-month sentence, which was a 30-month variance below the then-applicable guideline range, "fully accounted for [Fowler's] equities, and no new circumstances have been presented to alter that conclusion." Considering the section 3553(a) factors and the totality of the circumstances, the district court did not abuse its discretion in denying Fowler's motion. *See Dunn*, 728 F.3d at 1159-60; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various [section 3553(a)] factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**