NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10490 |
| Plaintiff-Appellee, | D.C. No. 4:07-cr-00344-CW |
| v. | |
| KENNETH EUGENE HOLLOWAY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted December 18, 2017[**]

Before:      WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Kenneth Eugene Holloway appeals from the district court's order denying

his second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Holloway argues that the district court erred by failing to consider

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

adequately his amended Guidelines range, all of the 18 U.S.C. § 3553(a) sentencing factors, and by insufficiently explaining its decision. The record reflects the district court acknowledged the reduced Guidelines range and Holloway's eligibility for a reduction. The court noted its reasons for denying Holloway's first motion for a sentence reduction in 2012, and then discussed several of the section 3553(a) factors and its reasons for again denying the reduction in light of those factors. On this record, we conclude that the court considered the section 3553(a) factors and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (describing what constitutes an adequate explanation and stating that "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them").

Holloway also contends that his sentence is substantively unreasonable in light of his post-sentencing rehabilitation and other mitigating factors. The district court did not abuse its discretion in declining to reduce Holloway's sentence. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Holloway's 147-month sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See id.* at 1159-60.

**AFFIRMED.**