NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10236 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00248-WBS |
| v. | |
| RICHARD MENDOZA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 22, 2018[**]

Before:   SILVERMAN, GRABER, and GOULD, Circuit Judges.

Richard Mendoza appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

Mendoza contends that the district court erred by failing to calculate and

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

consider his amended Guidelines range. The record reflects that the district court considered the amended Guidelines ranges proposed by Mendoza and assumed that Mendoza was eligible for a reduction. The court then considered the pertinent 18 U.S.C. § 3553(a) factors, and determined that a reduction was not warranted under those factors. Contrary to Mendoza's contentions, the court correctly applied the two-step approach set forth in *Dillon v. United States,* 560 U.S. 817, 826-27 (2010).

Mendoza further contends that the district court abused its discretion by relying on clearly erroneous facts and placing undue weight on his post-sentencing conduct in denying the reduction. Considering Mendoza's prison disciplinary record and underlying conviction, the court's finding that Mendoza posed a safety risk to the public was not clearly erroneous. *See United States v. Mercado-Moreno,* 869 F.3d 942, 953 (9th Cir. 2017). Furthermore, the court acted within its discretion when it relied on Mendoza's post-sentencing conduct to deny his motion. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(ii); *United States v. Lightfoot*, 626 F.3d 1092, 1096 (9th Cir. 2010). In light of the totality of the circumstances, the district court did not abuse its discretion by denying Mendoza's motion. *See United States v. Dunn,* 728 F.3d 1151, 1160 (9th Cir. 2013).

**AFFIRMED.**

17-10236