**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50408 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00506-GW |
| v. | |
| MASOUD BAMDAD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 19, 2019**

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Masoud Bamdad appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Although it is undisputed that Amendment 782 to the Guidelines had the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

effect of lowering Bamdad's applicable Guidelines range, the district court determined that a sentence reduction was not warranted in consideration of the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). Bamdad contends that the district court erred because his post-sentencing conduct, among other issues, warranted a sentence reduction. The district court considered Bamdad's arguments but determined that any mitigating factors were insufficient to overcome the aggravating factors, including the massive scale of the offense, Bamdad's "total lack of remorse," and his "cavalier attitude" toward the hazards posed by the improper distribution of dangerous drugs. *See* U.S.S.G. § 1B1.10 cmt. n.1(B). The court also explained that it had already varied downward in its original sentence to account for Bamdad's advanced age and the impact a longer sentence would have had on him, and that a further reduction was unwarranted under the totality of the circumstances. The district court did not abuse its discretion in denying Bamdad's motion for sentence reduction. *See United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013).

We do not reach Bamdad's remaining arguments because they are outside the scope of a section 3582(c)(2) proceeding. *See Dillon*, 560 U.S. at 825-826, 831.

Bamdad's request for judicial notice is denied.

**AFFIRMED.**

2