**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50427 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-03815-BEN-1 |
| v. | |
| GUILLERMO OSORIO-PIEDRAHITA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Guillermo Osorio-Piedrahita appeals from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291. We review the discretionary denial of a

motion for a sentence reduction for abuse of discretion, *see United States v. Dunn*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

728 F.3d 1151, 1155 (9th Cir. 2013), and we affirm.

Osorio-Piedrahita first contends that the district court impermissibly recalculated the value of his substantial assistance, in violation of the mandate that all guideline application decisions, other than those implicated by the amendment, are to remain the same in section 3582(c)(2) proceedings. *See* U.S.S.G. § 1B1.10 cmt. n.2; *Dillon v. United States*, 560 U.S. 817, 827 (2010). This argument is belied by the record, which reflects that, when calculating the amended Guidelines range, the district court properly included the two-level departure for substantial assistance that it had originally granted. *See United States v. D.M.*, 869 F.3d 1133, 1145 (9th Cir. 2017). Having properly substituted only the amended base offense level and left all other guideline application decisions unaffected, *see Dillon,* 560 U.S. at 827, the district court was not obliged to choose a point on the amended range that was proportional to the point on the original range*, see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018).

Osorio-Piedrahita next contends that the district court's reliance on the drug quantity involved in his offense was improper because the quantity was already fully accounted for in the amended Guidelines range and because the district court's reasoning resulted in unwarranted disparity with other drug offenders. Drug quantity, however, is a relevant consideration under 18 U.S.C. § 3553(a)(1), which the district court is required to consult in evaluating whether to grant a

sentence reduction.  *See Dillon*, 560 U.S at 827.  That Amendment 782 resulted in a lower range for the quantity of drugs involved in Osorio-Piedrahita's offense did not prevent the court from considering drug quantity as an aggravating factor warranting a sentence at the high end of the new range.  *See Dunn*, 728 F.3d at 1159-60.  Finally, the record reflects that the district court took adequate account of the need to avoid unwarranted sentencing disparities and did not abuse its discretion in concluding that, in light of the totality of the circumstances, a 108-month sentence was warranted.  *See* U.S.S.G. § 1B1.10 cmt n.1(B)(i); *Dunn*, 728 F.3d at 1159-60.

**AFFIRMED.**