NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50404 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-00578-JFW-37 |
| v. | |
| JOSE LUIS MEJIA, AKA Jose Al Mejia, AKA Checho, AKA Cheech, AKA Joe, AKA Juan Martinez, AKA Check Mejia, AKA Jose Mejia, AKA Jose L. Mejia, AKA Jose Luiz Mejia, AKA Joe Morin, AKA Jose Nernedes, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 3, 2020**
Pasadena, California

Before: BEA and BADE, Circuit Judges, and DRAIN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Jose Luis Mejia was convicted of two drug-trafficking offenses alleged in a multi-defendant First Superseding Indictment. He was sentenced to 324 months' imprisonment. Mejia appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2007, Mejia appealed his conviction and sentence, which was consolidated with eight of his co-defendants' appeals. *See United States v. Yepiz*, 718 F. App'x 456 (9th Cir. 2017). The prior panel affirmed Mejia's conviction and denied his sentencing arguments without prejudice so that he could move in the district court to modify his sentence pursuant to § 3582(c)(2). *Id.* at 473. Following remand, the district court declined to exercise its discretion to grant Mejia a sentence reduction and accordingly denied his motion.

Mejia argues that he is entitled to a sentence reduction based on the revised drug-quantity thresholds in the amended Guidelines. We review the denial of a sentence reduction under § 3582(c)(2) for abuse of discretion. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). A district court abuses its discretion when it applies the incorrect legal standard or if "the trial court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (internal quotation marks

omitted).

Contrary to Mejia's contention, the district court properly followed the procedure set forth in *Dillon v. United States*, 560 U.S. 817 (2010), for considering a motion for sentence reduction under § 3582(c)(2). It determined that it was "authorized to reduce" Mejia's sentence under the first step of the *Dillon* inquiry. Notably, the district court did not cite to any drug-quantity determination in this section.

Next, the district court examined the drug quantity at issue in the second step of the *Dillon* inquiry. The district court retains discretion in this second step to decline to reduce a defendant's sentence "based on the applicable [18 U.S.C.] § 3553(a) factors and the circumstances of the case." *United States v. Mercado-Moreno*, 869 F.3d 942, 962 n.12 (9th Cir. 2017). It should not be constrained in its discretionary judgment at this stage of the inquiry. *See United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) ("[T]he court must consider all applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, 'the authorized reduction is warranted, either in whole or in part.'") (quoting *Dillon*, 560 U.S. at 826).

Here, the district court did not abuse its discretion when it cited to its prior findings and references to the trial transcript, exhibits, and portions of the Pre-Sentencing Report during its consideration of the § 3553(a) factors. At Mejia's

3

sentencing, the district court determined that the government's evidence was "sufficient" to "sustain that all or [a] portion of that cocaine powder was converted to cocaine base[.]" After referencing several alleged transactions, it ultimately decided to "err on the side of caution" in its offense-level determination. "Caution" here resulted in determination of lower drug quantities; thus, in Mejia's favor. The district court cited to these same findings in its order denying Mejia's motion to support its conclusion that there was "overwhelming evidence" of Mejia's drug trafficking which "strongly rebuts any argument" that Mejia deserved a reduced sentence. Accordingly, the drug-quantity determinations are not contradictory.

Mejia also argues that the denial of his motion was substantively unreasonable. We review the substantive reasonableness of a district court's sentencing decision for abuse of discretion in light of the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). The fact that this court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court's decision. *Id.*

Here, the district court determined that the original 324-month sentence continues to be appropriate. It declined to grant any sentence reduction for three reasons: (1) the overwhelming evidence of Mejia's extensive drug trafficking and the large quantities of cocaine base involved in his criminal conduct; (2) the need

for deterrence and to protect the public; and (3) the other factors previously identified at sentencing, including Mejia's failure to take responsibility, remained "unchanged." These reasons are properly grounded in § 3553(a).

Moreover, the district court specifically addressed the amended Guidelines' policy considerations of the connection between the quantity of drugs involved in a crime and its subsequent harmfulness and alleged danger to the community. After providing a balanced analysis of positive and negative factors, the district court determined that these policy considerations did not apply to Mejia's case. The district court's explanation was sufficient, *see Molina-Martinez v. United States*, --- U.S. ---, 136 S.Ct. 1338, 1348 (2016), and was not an abuse of discretion in light of the totality of the circumstances, *Gall*, 552 U.S. at 51.

**AFFIRMED.**