Opinion by Judge Milan D. Smith, Jr.; Concurrence by Judge O’SCANNLAIN.
OPINION
M. SMITH, Circuit Judge:
Owen Dunn appeals the district court’s denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). Dunn is currently serving a 100-month prison sentence for a crack cocaine offense. He unsuccessfully moved for a 17-month reduction of this sentence under § 3582(c)(2) based on retroactive amendments to the United States Sentencing- Guidelines (USSG) that lowered the penalties for crack cocaine offenses. .The Government argues that Dillon v. United States, 560 U.S. 817, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010), compels us to dismiss this appeal for lack of jurisdiction.
We hold that we have jurisdiction to review § 3582(c)(2) discretionary decisions under United States v. Colson, 573 F.3d 915 (9th Cir.2009), which is not “clearly irreconcilable” with Dillon. Miller v. Gammie, 335 F.3d 889, 893 (9th Cir.2003) (en banc). We also hold that the district court did not abuse its discretion in denying Dunn’s motion for a reduced sentence because it properly considered the factors under 18 U.S.C. § 3553(a) and relied on facts supported by the record. Accordingly, we affirm.
FACTS AND PRIOR PROCEEDING
In March 2008, while still on supervised release for a firearm offense,[1] Dunn sold *1154 approximately 18 grams of crack cocaine to a government agent near a playground in San Francisco, California. Dunn was later arrested and charged with distribution and possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(l)(B)(iii), and distribution and possession with intent to distribute crack cocaine within 1,000 feet of a public housing facility, in violation of 21 U.S.C. § 860(a).
A. Dunn’s Crack Cocaine Sentence
Dunn entered into a plea agreement with the Government and pleaded guilty to the crack cocaine charge. In the plea agreement, Dunn and the Government agreed to propose a 84-month prison sentence, with 8 years of supervised release. The parties agreed that Dunn’s base offense level was 23, but they did not specify a criminal history category.[2] The parties separately agreed that Dunn would serve a 16-month consecutive sentence for his supervised release violation, which was pending before Judge Maxine Chesney, in Case No. CR-01-0083.
The Probation Officer disagreed with the proposed 84-month sentence. He calculated a total offense level of 23 and a criminal history category of VI, which corresponded to the Guidelines range of 92 to 115 months in prison. With that calculation in mind, the Officer recommended 100 months in prison and 8 years of supervised release.
In December 2009, the district judge sentenced Dunn to 100 months in prison and 8 years of supervised release. The judge rejected the plea agreement’s proposed 84 months of incarceration and concurred with the Probation Officer’s recommendation, stating that “100 months is the overall right total.” Tr. Mot. Proceeding (Dec. 15, 2009), at 11:12. He also stated that he was taking into account the 16-month sentence for Dunn’s supervised release violation, and that he wanted to ensure Dunn serve that amount of time in the event Judge Chesney chose to impose a lesser sentence. Because the district judge rejected the parties’ agreed-upon sentence, he gave Dunn the option of moving to set aside his guilty plea within six weeks if he objected to the combined sentence. Judge Chesney later imposed a 16-month sentence to run concurrently with Dunn’s 100-month sentence in this case, thereby leaving Dunn’s total sentence intact. Dunn did not move to withdraw his guilty plea.
B. Motion for Sentence Reduction
In August 2010, Congress enacted the Fair Sentencing Act (FSA), Pub.L. No. 111-220, 124 Stat. 2372, which modified the penalties for crack cocaine offenses to remedy sentencing disparities between crack and powder cocaine. Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 2694, 180 L.Ed.2d 519 (2011). In November 2010, the Sentencing Commission implemented Amendment 748, which revised the penalties for crack cocaine offenses. The Commission also implemented Amendment 750, which rendered Amendment 748’s changes permanent and made Amendment 750 retroactive, effective November 1, 2011. Amendment 748 lowered the offense levels for crack cocaine offenses stated in USSG § 2D1.1 for various quantities of crack cocaine. As applied to Dunn’s offense, the amended Guidelines range is 77 to 96 months.
In light of the FSA amendments, Dunn moved to reduce his crack cocaine sentence under 18 U.S.C. § 3582(c)(2) in June *1155 2012. He requested a 17-month reduction based on the amended Guidelines and the discretionary factors under 18 U.S.C. § 3553(a). Specifically, Dunn argued that factors favoring a reduced sentence included his educational activities while in prison, transfer from a high to medium-security prison, his acceptance of responsibility, and his willingness to be a kidney donor to his brother, among others. The Probation Officer acknowledged that Dunn was eligible to have his sentence reconsidered, but he nevertheless recommended against reducing Dunn’s sentence. The Government ¿greed that Dunn was eligible for a reduced sentence, but opposed a reduction for the reasons stated by the Probation Officer. In July 2012, the district court denied Dunn’s motion. Dunn timely appealed.
JURISDICTION AND STANDARD OF REVIEW
We have jurisdiction to consider whether appellate jurisdiction exists. Taslimi v. Holder, 590 F.3d 981, 984 (9th Cir.2010). We review § 3582(c)(2) sentence reduction decisions for abuse of discretion. Colson, 573 F.3d at 916. “A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact.” United States v. Light-foot, 626 F.3d 1092, 1094 (9th Cir.2010) (citation and quotes omitted).
DISCUSSION
Section 3582(c)(2) authorizes district courts to modify an imposed sentence “in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2). A district court then “may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.” Id. The Supreme Court has clarified that § 3582(c)(2) requires a two-step inquiry. Dillon, 130 S.Ct. at 2691. First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission’s policy statement in USSG § 1B1.10.[3] Id. Second, a district court must “consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.” Id. at 2692.
I. Jurisdiction
We must first decide whether we have jurisdiction to review the district court’s denial of Dunn’s motion for a § 3582(c)(2) sentence reduction. In making this determination, we are bound by United States v. Colson, which held that § 3582(c)(2) sentence reduction decisions are renewable in their entirety for abuse of discretion under 28 U.S.C. § 1291. 573 F.3d at 916. In Colson, we applied United States v. Booker, 543 U.S. 220, 125 S.Ct. *1156 738, 160 L.Ed.2d 621 (2005), and United States v. Carty, 520 F.3d 984 (9th Cir.2008) (en banc), which each held that any element of a sentencing decision, whether discretionary or not, may be unreasonable, and therefore unlawful. Id. Colson overruled our prior decision in United States v. Lowe, 136 F.3d 1231, 1233 (9th Cir.1998), holding the contrary.
The Government argues that this case should be dismissed for lack of jurisdiction in light of the Supreme Court’s 2010 decision in Dillon v. United States. In support of its position, the Government primarily relies on United States v. Bowers, 615 F.3d 715 (6th Cir.2010), for the proposition that under Dillon, there is no appellate jurisdiction to review discretionary § 3582(c)(2) decisions for reasonableness. In Bowers, the Sixth Circuit held that “[b]ecause the [ Dillon ] Court has recently clarified that Booker does not apply to ... sentence reduction proceedings [under § 3582(c)(2)],” it “lack[ed] jurisdiction to hear a defendant’s appeal of the grant or denial of a sentence reduction pursuant to those sections on Booker ‘reasonableness’ grounds.” Bowers, 615 F.3d at 717. Dunn counters that since Dillon, we have implicitly found jurisdiction to review § 3582(c)(2) discretionary decisions. Both arguments miss the mark.
Dunn is correct that since Dillon, we have implicitly asserted jurisdiction under 28 U.S.C. § 1291. See, e.g., United States v. Sykes, 658 F.3d 1140, 1144 (9th Cir. 2011); Lightfoot, 626 F.3d at 1093. But these cases do not resolve the question of our jurisdiction because they did not expressly discuss the issue. See Ariz. Christian Sch. Tuition Org. v. Winn, — U.S. -, 131 S.Ct. 1436, 1448, 179 L.Ed.2d 523 (2011) (“When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed.”); United States v. Morales, 898 F.2d 99, 101-02 (9th Cir.1990) (“We are ... not bound by the implicit assertion of jurisdiction but rather we must consider the issue anew.”).
Nor may we look to Bowers, a Sixth Circuit opinion, as the Government advocates. Rather, under the rule of interpanel accord, we must follow Colson unless there is intervening Supreme Court authority or en banc authority to the contrary. United States v. Rodriguez-Lara, 421 F.3d 932, 943 (9th Cir.2005). In Miller v. Gammie, we clarified the law on “the sometimes very difficult question of when a three judge panel may reexamine normally controlling precedent in the face of an intervening United State Supreme Court decision.” 335 F.3d at 892. We held that “where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled.” Id. at 893 (emphasis added). “It is not enough for there to be ‘some tension’ between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to ‘cast doubt’ on the prior circuit precedent.” Lair v. Bullock, 697 F.3d 1200, 1207 (9th Cir.2012) (citations omitted). Rather, “[t]he intervening higher precedent must be ‘clearly inconsistent’ with the prior circuit precedent.” Id. (citation omitted). Although the circuit opinion need not be expressly overruled by the Supreme Court, both the circuit and Supreme Court cases must be “closely on point.” Miller, 335 F.3d at 899 (citations and quotes omitted).
As applied to this case, the pertinent inquiry is whether the reasoning or theory of Dillon regarding the extension of Booker to § 3582(c)(2) proceedings is clearly *1157 irreconcilable with Colson. We conclude that Dillon does not clearly conflict with Colson because: (1) Dillon is not “closely on point” with regard to the jurisdictional question at issue, and (2) Dillon does not revise the reasonableness standard under Booker.
First, the question before the Supreme Court in Dillon was whether a district court could treat as advisory the mandatory minimum sentence under USSG § 1B1.10 in a § 3582(c)(2) proceeding. Dillon, 130 S.Ct. at 2687. The district court had reduced the defendant’s post-conviction sentence under § 3582(c)(2) to a term at the bottom of the relevant Guidelines range, but no further. I'd. at 2689-90. The district court found Booker’s holding inapplicable to a § 3582(c)(2) proceeding, and held that it lacked authority to impose a sentence inconsistent with USSG § 1B1.10. Id. at 2690. The Third Circuit affirmed, holding that § IB 1.10 was binding. Id. On petition to the Supreme Court, Dillon argued that a resen-tencing under § 3582(c)(2) is equivalent to any other resentencing, and urged the Court to apply the same reasoning in Booker to render the mandatory language under § 1B1.10 advisory. Id. The Court disagreed, clarifying that a § 3582(c)(2) proceeding is “not a plenary resentencing,” but a “limited adjustment,” which “represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines.” Id. at 2691, 2692. The Court concluded that “Dillon’s Sixth Amendment rights were not violated by the District Court’s adherence to the instruction in § 1B1.10 to consider a reduction only within the amended Guidelines range.” Id. at 2692.
Thus, the Court’s reasoning and holding in Dillon were confined to the first step in a § 3582(a)(2) analysis—the eligibility prong—which mandates imposing a sentencing minimum under USSG § 1B1.10. The'Court did not, however, deal with the second step—the discretionary prong—the application of § 3553(a) factors. Here, Dunn argues that the district court abused its discretion in' declining to reduce his sentence, not that it found him ineligible for a reduced sentence, misapplied the sentencing minimum, . or should have amended his sentence to below the minimum. Accordingly, because Dillon did not resolve the jurisdictional issue at hand, it is not “closely on point” with Colson. Miller, 335 F.3d at 899; Lewis v. Ayers, 681 F.3d 992, 997 n. 3 (9th Cir.2012).[4]
Second, the Dillon Court’s reasoning is not clearly irreconcilable with Colson’s rationale. In .holding that the amended Guidelines are binding under USSG § 1B1.10, the Dillon Court clarified that § 3582(c)(2) proceedings are not plenary resentencings, but are limited in scope and purpose. The question then is whether § 3582(c)(2) reductions, viewed as “limited adjustments,” also compel the holding that these reductions cannot be reviewed for reasonableness at step two, as Booker mandates. The Government does not explain how Booker’s holding forecloses review of discretionary decisions under § 3582(c)(2). To the contrary, the Booker Court emphasized that any element of a sentencing, whether discretionary or not, may be reviewed for reasonableness under an abuse of discretion standard—the rationale that we applied in Colson. See Booker, 543 U.S. at 260-62, 125 S.Ct. 738; Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (“As a result *1158 of our [ Booker ] decision, the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are ‘reasonable.’ Our explanation of ‘reasonableness’ review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.”); accord Carty, 520 F.3d at 993 (clarifying that in the wake of Booker “[a]ppellate review is to determine whether the sentence is reasonable; only a procedurally erroneous or substantively unreasonable sentence will be set aside”).
Although § 3582(c)(2) proceedings may not be plenary resentencings under Dillon, the adjustments to a sentence are constitutive elements of a sentence. Because original sentences may be reviewed for reasonableness based on the § 3553(a) factors, then sentence reductions—based on those same factors—are also reviewable for reasonableness. Indeed, in discussing the two-step analysis under § 3582(c)(2), the Dillon Court emphasized that “[bjecause reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.” Dillon, 130 S.Ct. at 2692. The implication here is that a court’s discretionary decision under the § 3553(a) factors, at step two, exceeds the limited scope of a resentencing “adjustment” applicable to step one. Therefore, we conclude that the Court’s holding in Dillon regarding whether mandatory provisions under USSG § 1B1.10 are nonbinding does not disturb its prior holdings in Booker and its progeny regarding the reasonableness review.[5]
II. The Merits of Dunn’s Appeal
There is no dispute that Dunn was eligible for consideration of a sentence reduction, and that the amended sentencing range for his crack offense was 77 to 96 months. Dunn, however, challenges the district court’s discretionary decision not to grant him a 17-month reduction. Dunn argues that a sentence reduction is warranted by the § 3553(a) factors[6]—specifically: (1) his acceptance of responsibility, (2) the relatively small amount of crack cocaine (18 grams) and lack of weaponry and violence involved, and (3) his willingness to donate a kidney to his ailing brother. Dunn contends that the district court erred in relying on his criminal history because it was already fully accounted for by the amended Guidelines calculations. He further maintains that the district court unreasonably ignored his rehabilitation efforts in prison and transfer from a high to medium-security prison, while focusing instead on his two discipline violations. Finally, Dunn argues that his supervised release penalty did not justify denying him a reduced sentence.
*1159 But Dunn fails to show how the district court applied the wrong law or relied on clearly erroneous findings of material fact. The district court properly cited the factors under § 3553(a), and considered those applicable to Dunn’s case, as well as the facts it relied on in reaching its decision. See Carty, 520 F.3d at 992. An analysis under § 3553(a) involves considering the totality of the circumstances, but “[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them.” Id. “We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines.” Id. No one factor should be given more or less weight than any other. Id. at 991.
Here, the district court considered Dunn’s extensive criminal history, “including juvenile convictions for petty theft, possession of a controlled substance, escape from a juvenile facility, and possession or purchase of cocaine for s[ale],” as well as “adult convictions [for] unlawful sexual intercourse with a minor, inflicting corporeal injury on a spouse, escape from jail, and ... possession of a firearm.” The court also cited the Probation Officer’s assessment of Dunn’s volatile temperament and two disciplinary incidents in prison. The court further took into account Dunn’s numerous certificates of completed courses related to anger management, continuing education, cartoon drawing, drug education, and self-awareness; his transfer from a high to medium-security prison; and his willingness to donate a kidney to his brother. The court observed that Dunn “has a persistent, violent; and lengthy criminal history, including disciplinary incidents within the last year of incarceration,” and while it found Dunn’s work during incarceration commendable, it concluded that “the safety of the community is best protected by the defendant serving the entirety of his original sentence.” The court added that the original sentence was needed “to afford adequate deterrence.” The court explained that “[w]hile the situation with defendant’s brother is sad, at this point, it is not clear that defendant is an acceptable donor or that serving the original 100-month sentence would prevent him from serving as a donor.” The district court thus provided a reasoned explanation as to why it declined to reduce Dunn’s sentence. See Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (“The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.”); Carty, 520 F.3d at 992. But cf. Trujillo, 713 F.3d at 1010, 1011 (holding the district court’s denial of a § 3582(c)(2) motion was legal error for its “total omission” in addressing defendant’s nonfrivolous arguments under the § 3553(a) factors).
Dunn does not point to any evidence controverting the accuracy of the facts relied on by the district court in reaching its conclusion. Nor is there any indication that the district court gave certain § 3553(a) factors greater consideration than others. Rather, the district court presented a balanced account of both positive and negative factors, and provided sufficient explanation for why it denied Dunn a reduced sentence. While reasonable jurists might disagree as to whether Dunn’s positive factors warranted a reduced sentence, mere disagreement does not amount to an abuse of discretion. ■
The district court further noted that Dunn’s criminal history placed him in category VI, resulting in an advisory Guidelines range of 92 to 115 months and a reduced range of 77 to 96 months. While Dunn is correct that his criminal history is already integrated in the sentencing calculus, there is nothing under § 3553(a), or *1160 any other provision, which barred the district court from considering a prisoner’s criminal history in making its decision under § 3582(c)(2). In fact, § 3553 expressly instructs district courts to consider “the nature and circumstances of the offense and the history and characteristics of the defendant,” along with the “the kinds of sentence and sentencing range established.” 18 U.S.C. § 3553(a)(1), (4). Section 3553(a)(1) would include a prisoner’s criminal history. There is nothing in the statute to suggest that, in deciding whether to grant or deny a reduced sentence, a district court cannot consider the defendant’s criminal history even though it was reflected in his sentencing range. Rather, it is merely one factor in the totality of the circumstances a district court must consider.
The district court also did not abuse its discretion when it took into account Dunn’s supervised release penalty as part of the totality of the circumstances. Dunn’s original 100-month sentence incorporated his 16-month sentence for his supervised release violation. Thus, Dunn’s actual sentence for his crack cocaine offense is 84 months—what the parties agreed upon in the plea agreement, based on the Government’s admitted miscalculation of Dunn’s criminal history category— and already within the amended 72-to-96 month Guidelines range. However, the district court emphasized that “100 months is the overall right total,” in light of the Probation Officer’s proper calculation of Dunn’s criminal history category and consideration of § 3553(a) factors. In declining to reduce Dunn’s sentence, the district court appropriately noted that Dunn had already received the benefit of the Government’s error in miscalculating the Guidelines range based on the mistaken belief that his criminal history category was V, instead of VI. Dunn now requests a 17-month reduction to his combined sentence, or 83 months. To grant Dunn the requested reduction would mean, in actuality, that he would serve a 67-month crack cocaine sentence[7]—a sentence that would fall below the binding minimum of the amended 77-to-96 month Guidelines range. See Dillon, 130 S.Ct. at 2691; USSG § lB1.10(b)(2)(A).
CONCLUSION
For the foregoing reasons, we affirm the district court’s decision to deny Dunn’s motion for a reduced sentence under § 3582(c)(2).
AFFIRMED.

. In 2002, Dunn pleaded guilty to a firearm charge, and was sentenced to 78 months in prison and 36 months of supervised release.

. The Government later stated in its sentencing memorandum that it had miscalculated the criminal history category to be V instead of VI, but that it intended to honor its 84-month agreement with Dunn.

. USSG § 1B1.10 instructs district courts first to ascertain whether a prisoner is eligible for a sentence reduction by " ‘determining] the amended guideline range that would have been applicable to the defendant’ had the relevant amendment been in effect at the time of the initial sentencing.” Dillon, 130 S.Ct. at 2691 (quoting § 1B1.10(b)(1)). Section IB 1.10 also imposes a sentencing floor so that a district court ''generally may ‘not reduce the defendant’s term of imprisonment under 18 U.S.C. 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range’ produced by the substitution.” Id. (quoting § IB 1.10(b)(2)(A)); see also United States v. Fox, 631 F.3d 1128, 1131 (9th Cir.2011).

. In addition, while the Supreme Court expressly rejected our decision in United States v. Hicks, 472 F.3d 1167 (9th Cir.2007), see Dillon, 130 S.Ct. at 2693, neither the parties nor the Court invoked Colson.

. United States v. Bowers, 615 F.3d 715 (6th Cir.2010), a decision from our sister circuit, is not intervening higher authority, and thus does not control our analysis. Ortega-Mendez v. Gonzales, 450 F.3d 1010, 1019 (9th Cir. 2006). We also note that while the Sixth Circuit identified § 3742(a) as the source of appellate jurisdiction, Bowers, 615 F.3d at 720-22, in Colson, we relied on the broader grant of jurisdiction under 28 U.S.C. § 1291. Thus, Bowers is not relevant to the issue of whether § 3582(c)(2) decisions are reviewable under 28 U.S.C. § 1291.

. Section 3553(a) factors "include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." United States v. Trujillo, 713 F.3d 1003, 1008 (9th Cir.2013).

. This is calculated by subtracting 17 months (the reduction Dunn requests) from -84 months (the original 100-month sentence minus the 16-month supervised release penalty).