**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-30093 |
| Plaintiff-Appellee, | D.C. No. 4:01-cr-00099-SEH |
| v. | |
| SHAWN RODRIGUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Shawn Rodriguez appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Rodriguez's request for oral argument, set forth in his reply brief, is denied.

Rodriguez argues that the district court erred by failing to account for his post-sentencing rehabilitative efforts and instead denying his § 3582(c)(2) motion based exclusively on his criminal and post-sentencing disciplinary history. We review for an abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1555 (9th Cir. 2013). Considering the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez's in-custody disciplinary record, the district court did not abuse its discretion. *See id.* at 1159 ("While reasonable jurists might disagree as to whether [defendant's] positive factors warranted a reduced sentence, mere disagreement does not amount to an abuse of discretion.").

In light of this holding, we decline to address Rodriguez's argument that the district court should have calculated the amended Guidelines range based on a lower drug quantity.

**AFFIRMED.**