**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50440 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-01582-LAB |
| v. | |
| MARTIN SANDOVAL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 16, 2018[**]

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Martin Sandoval appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

As an initial matter, Sandoval's release from custody did not render this

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal moot because he is currently serving a five-year term of supervised release. *See United States v. D.M.*, 869 F.3d 1133, 1137-38 (9th Cir. 2017).

Sandoval contends that the district court was required to conduct a hearing prior to ruling on the motion and that it erred by failing to do so. "A district court has broad discretion in how to adjudicate § 3582(c)(2) proceedings, including whether to hold a hearing." *United States v. Mercado-Moreno*, 869 F.3d 942, 955 (9th Cir. 2017). The district court did not abuse its discretion here because, contrary to Sandoval's contention, its decision was based entirely on findings rendered during Sandoval's original sentencing hearing and the evidence in the record at that time. *See id.* ("When the district court does not consider any evidence outside of the record at sentencing, an evidentiary hearing will not always be necessary.").

The district court appropriately considered the 18 U.S.C. § 3553(a) factors, and Sandoval has failed to demonstrate that the district court applied the wrong law or relied on clearly erroneous findings of fact. *See United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013).

**AFFIRMED.**