NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10204 |
| Plaintiff-Appellee, | D.C. No. 2:06-cr-00479-MCE |
| v. | |
| MARK EDWARD PARKER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Mark Edward Parker appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Parker contends that the district court procedurally erred by failing to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

address his arguments that he had demonstrated rehabilitation in prison, and that application of the 18 U.S.C. § 3553(a) sentencing factors would support a sentence at the bottom of the amended Guidelines range, given that the court had imposed a sentence at the bottom of the original Guidelines range. We disagree. The record reflects that the district court considered Parker's arguments and adequately explained its reasons for declining to reduce his sentence. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966-68 (2018).

Parker next contends that his unmodified sentence is substantively unreasonable in light of his post-sentencing rehabilitation and the amended Guidelines range. The district court did not abuse its discretion in declining to reduce Parker's sentence. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). The 360-month sentence, which is within the amended Guidelines range, is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense. *See Dunn*, 728 F.3d at 1159-60.

**AFFIRMED.**