NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10172 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00095-JAD-CWH-1 |
| v. | |
| TIMOTHY LOREN MORTENSEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Timothy Loren Mortensen appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court assumed that Mortensen had exhausted the administrative

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

process with regard to his motion and denied the motion on the merits, concluding that Mortensen's reasons for seeking release were "neither extraordinary nor compelling" and that a reduction was not warranted under the 18 U.S.C. § 3553(a) sentencing factors. Mortensen contends that the district court abused its discretion by ignoring his risk of serious illness or death from COVID-19, and by erroneously finding that he remained a danger to the community.

The district court did not abuse its discretion.[1] The record reflects that the district court considered Mortensen's health conditions, but concluded they did not constitute an "extraordinary and compelling reason" for reducing his sentence. The court also went on to find that a reduction was "independently unwarranted under the applicable § 3553(a) factors." *See* U.S.S.G. § 1B1.13 (district court should consider the applicable § 3553(a) factors in determining whether to grant a sentence reduction under § 3582(c)(1)(A)). Turning to those factors, the district court acknowledged Mortensen's commendable conduct in prison but stated that his lack of criminal history had already been accounted for in the substantial downward variance he received at the original sentencing. After considering the

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). We accept for purposes of this appeal the parties' assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i). However, even under de novo review, we would conclude that the district court reasonably denied Mortensen's motion after balancing the mitigating and aggravating factors.

other § 3553(a) factors, particularly the nature and circumstances of Mortensen's offense, the court concluded that reducing his sentence by an additional year was not warranted.

The court did not clearly err in finding that Mortensen's offense conduct "suggests that he remains a danger to the community," *see United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record."), and did not abuse its discretion in denying Mortensen a sentence reduction

**AFFIRMED.**