**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10232 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00181-WBS-1 |
| v. | |
| MARCUS GIPSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Marcus Gipson appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gipson contends that he is entitled to compassionate release because his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

medical conditions put him at an increased risk of severe complications or death if he contracts COVID-19.  Gipson concedes that he recently recovered from COVID-19 but argues that this does not necessarily ameliorate any future risk of infection.

The district court did not abuse its discretion.[1]  The district court acknowledged Gipson's medical conditions and the fact that multiple inmates in the prison where Gipson is housed have tested positive for COVID-19.  It concluded, however, that these circumstances were not sufficiently "extraordinary and compelling" to warrant immediate release because Gipson's health conditions, including his COVID-19 diagnosis, have been adequately managed by the Bureau of Prisons.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(1)(A).  This conclusion is supported by the record.  *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

**AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion.  *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  We accept for purposes of this appeal the parties' assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i).

20-10232