**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30005 |
| Plaintiff-Appellee, | D.C. No. 9:16-cr-00002-DLC-1 |
| v. | |
| BRANDI LYNN DVORAK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Brandi Lynn Dvorak appeals pro se from the district court's order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and for a sentence reduction under the First Step Act of 2018.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The district court assumed Dvorak had exhausted the administrative process with regard to her motion and denied the motion on the merits. Dvorak contends that the district court erred because (1) she is a first-time offender with no prior convictions for a violent crime, and (2) she is eligible for a sentence reduction under the First Step Act.

The district court did not abuse its discretion by denying Dvorak's motion for compassionate release.[1] The district court reasonably concluded that Dvorak had not demonstrated "extraordinary and compelling reasons" to warrant a sentence reduction notwithstanding the medical and personal developments that arose after her sentencing. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(1)(A).

The district court also did not err in declining to reduce Dvorak's sentence under the section of the First Step Act that made certain portions of the Fair Sentencing Act retroactive. That section applies only to offenders convicted of crack cocaine offenses, *see* First Step Act § 404; *United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020), and Dvorak's conviction involved methamphetamine.

**AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). We accept for purposes of this appeal the government's undisputed assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A). However, even under de novo review, the district court's denial of Dvorak's motion was reasonable.