NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> TRENT SCENTAIL SMITH, <br><br> Defendant-Appellant. | No. 20-30128 <br><br> D.C. Nos. <br> 6:16-cr-00002-DLC-1 <br> 6:16-cr-00018-DLC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Trent Scentail Smith appeals pro se from the district court's order denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Contrary to Smith's argument, the district court did not abuse its discretion

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

by denying his motion.[1]  The district court considered the firearm enhancement applied to Smith's most recent conviction, Smith's history of comingling drugs and firearms, and physical altercations he has engaged in while incarcerated.  It reasonably concluded that, even though Smith had demonstrated "extraordinary and compelling reasons," a reduced sentence was not appropriate in light of the nature and circumstances of the offense, Smith's criminal history, and the need to protect the public.  *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider the applicable 18 U.S.C. § 3553(a) sentencing factors when reviewing a motion for compassionate release); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (C) (setting forth sentencing factors); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

**AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion.  *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  We accept, for purposes of this appeal, the government's undisputed assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A).

20-30128