NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10246 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00308-JAM-DB-1 |
| v. | |
| KENDALL THRIFT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Kendall Thrift appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Contrary to Thrift's argument, the district court did not abuse its discretion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by denying his motion.[1]  The district court considered Thrift's offense conduct, which involved a large amount of marijuana and a number of firearms, including several stolen weapons.  It reasonably concluded that, even if Thrift had demonstrated "extraordinary and compelling reasons," a reduced sentence was not appropriate in light of the nature and circumstances of the offense, the need to protect the public, and the need for the sentence to reflect the seriousness of the offense.  *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider the applicable 18 U.S.C. § 3553(a) sentencing factors when reviewing a motion for compassionate release); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (C) (setting forth sentencing factors); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

    **AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion.  *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  We accept, for purposes of this appeal, the parties' assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A).