**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10286 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00069-TLN-1 |
| v. | |
| RICKY LEE RICHARDSON, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Ricky Lee Richardson, Jr., appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

   *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Richardson contends that the district court abused its discretion[1] by denying his motion. He argues that the district court ignored the evidence of his compromised health and substantial rehabilitation while in prison. He further argues that the court's decision to deny relief was "illogical" because the totality of the circumstances, as well as the 18 U.S.C. § 3553(a) sentencing factors, supported his release.

Contrary to Richardson's argument, the district court reached a logical conclusion based on the totality of the record. The court assumed that Richardson's medical conditions satisfied the "extraordinary and compelling" requirement of 18 U.S.C. § 3582(c)(1)(A)(i), and it commended Richardson for his rehabilitative efforts. It reasonably concluded, however, that compassionate release was not warranted in light of the nature of Richardson's underlying conviction, his criminal history, the fact that he had only served 54 months of a "well-supported, low-end, 135-month sentence," and the fact that his institution had thus far been able to address his medical needs. These findings are supported by the record, and the district court did not abuse its discretion by denying relief. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). The parties agree that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i), which we accept for purposes of this appeal.

20-10286

court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

**AFFIRMED.**