**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30186 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00026-SPW-2 |
| v. | |
| TOMAS ALVARADO, AKA Thomas Alvarado, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Tomas Alvarado appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Alvarado contends that he is entitled to compassionate release because

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

(1) his age and various medical conditions increase his risk of severe illness or death should he contract COVID-19; (2) he has taken advantage of rehabilitative programs and not had any disciplinary infractions while in prison; and (3) he has a "solid release plan." The district court did not abuse its discretion.[1] The record reflects that the district court considered Alvarado's medical conditions, age, and mitigating arguments. However, the court reasonably determined that relief was unwarranted in light of the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, and the need to protect the public. *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider the applicable § 3553(a) factors on a motion for compassionate release); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Moreover, contrary to Alvarado's argument, the district court did not rely on any clearly erroneous facts. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

We do not reach Alvarado's remaining arguments, which are beyond the scope of a § 3582(c)(1)(A)(i) motion.

**AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). We accept for purposes of this appeal the government's undisputed assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i).