**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30159 |
| Plaintiff-Appellee, | D.C. No. 1:04-cr-00127-RCT-1 |
| v. | |
| DAVID ROLAND HINKSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Richard C. Tallman, Circuit Judge, Presiding**

Submitted March 16, 2021***

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

David Roland Hinkson appeals pro se from the district court's orders

denying his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hinkson contends that the district court erred by denying his motion for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\*      Richard C. Tallman, Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.
\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

compassionate release. He argues that his age and chronic medical conditions, his desire to provide hospice care for his parents, and the illegality of his sentence establish "extraordinary and compelling" circumstances warranting relief.

The district court did not abuse its discretion.[1] The record reflects that the district court considered Hinkson's medical records and the arguments raised in both of his motions for compassionate release, but concluded that a reduced sentence was not appropriate in light of Hinkson's serious underlying convictions, his lack of remorse, his poor behavior while in custody, and his ongoing dangerousness. *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider the applicable 18 U.S.C. § 3553(a) sentencing factors when reviewing a motion for compassionate release); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Moreover, the district court did not clearly err in finding that Hinkson remained a danger to the community. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record."). We further find unpersuasive Hinkson's other allegations of error by the district court.

**AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). We assume for purposes of this appeal the government's undisputed assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i).

20-30159