NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10281 |
| Plaintiff-Appellee, | D.C. No. 1:98-cr-05149-NONE-1 |
| v. | |
| MARTIN CHAVEZ-ZARATE, AKA Martin Zarate-Chavez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Martin Chavez-Zarate appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Chavez-Zarate argues that the district court erred by affording excessive

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

weight to his underlying offense and insufficient weight to his family support, rehabilitative achievements, lack of disciplinary infractions while in custody, and medical conditions. The district court did not abuse its discretion.[1] The record reflects that the district court considered and gave weight to Chavez-Zarate's mitigating arguments and medical conditions in finding that he had demonstrated "extraordinary and compelling reasons" for relief. However, the court concluded that a reduced sentence was not warranted in consideration of the 18 U.S.C. § 3553(a) sentencing factors. *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider the applicable § 3553(a) sentencing factors on a motion for compassionate release). In assessing those factors, the court placed appropriate weight on Chavez-Zarate's leadership role in a serious drug trafficking conspiracy and his criminal history. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C). Because the court's decision is supported by the record, it did not abuse its discretion by denying relief. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

     **AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). The parties agree that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i), which we accept for purposes of this appeal.