**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30166 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00057-SPW-1 |
| v. | |
| MARTIN CLARK ANDERSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Martin Clark Anderson appeals pro se from the district court's order denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Contrary to Anderson's argument, the district court did not abuse its

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion by denying his motion.[1]  The record reflects that the district court considered Anderson's arguments regarding his medical conditions and rehabilitative efforts.  However, the court concluded that, even if Anderson had demonstrated "extraordinary and compelling reasons" justifying relief, a reduced sentence was not warranted in light of the 18 U.S.C. § 3553 sentencing factors, particularly the seriousness of the offense and the need to protect the public.  *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider the applicable § 3553(a) sentencing factors on a motion for compassionate release); *see also* 18 U.S.C. § 3553(a)(2)(A), (C).  Because the court's conclusion is supported by the record, it did not abuse its discretion by denying relief.  *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

We do not reach Anderson's argument that the district court erred in its application of U.S.S.G. § 1B1.13 because the record does not support Anderson's contention that the district court relied upon that guideline to deny his motion.

**AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion.  *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  The parties agree that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i), which we accept for purposes of this appeal.

20-30166