NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-50018 |
| Plaintiff-Appellee, | D.C. No. 2:95-cr-00345-RSW-10 |
| v. | |
| JESSE MORENO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted February 7, 2024**
Pasadena, California

Before: BUMATAY and MENDOZA, Circuit Judges, and MOSKOWITZ,***
District Judge.

Jesse Moreno appeals from the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A), which would cut short his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barry Ted Moskowitz, United States Senior District Judge for the Southern District of California, sitting by designation.

life sentence for multiple counts of conspiracy to commit murder. The parties do not dispute that Mr. Moreno has exhausted his administrative remedies and shown "extraordinary and compelling reasons" warranting a sentencing reduction. *See United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021). But Mr. Moreno maintains that the district court erred when it determined that 18 U.S.C. § 3553(a)'s sentencing factors weighed against early release. We have jurisdiction under 28 U.S.C. § 1291, review the district court's order for abuse of discretion, *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and affirm.

1. Mr. Moreno contends that the district court failed to adequately consider the sentencing factors outlined in section 3553(a), including arguments regarding his terminal pancreatic cancer, his efforts at rehabilitation, and his relatively unblemished prison record. "[A] judge is not required to exhaustively analyze every factor or to expound upon every issue raised by a defendant." *United States v. Wright*, 46 F.4th 938, 949 (9th Cir. 2022). "Rather, the judge 'need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.* (quotation marks omitted). Here, the district court adequately considered the seriousness of Mr. Moreno's convictions; his history of assault, battery, and armed robbery; and the need for his life sentence, which the district court reasoned should deter others from committing similar crimes. Contrary to

2

Mr. Moreno's assertions otherwise, the district court also weighed these factors against the length of time he has already served, while expressly and repeatedly noting his "rehabilitation" and the court's "sympath[y]" for Mr. Moreno's "cancer diagnosis." Even if the district court's determination that Mr. Moreno presents an ongoing threat to public safety is debatable, "[g]iven [Mr. Moreno's] extensive criminal history, as well as the deference we must afford the district court when it makes these discretionary decisions, we cannot conclude that the district court abused its discretion with this finding." *Keller*, 2 F.4th at 1284.

2.      Mr. Moreno also argues that the district court abused its discretion by relying on evidence of his past conduct, while failing to adequately consider who he is today. Mr. Moreno urges us to rely on the reasoning in *United States v. Malone*, where the Fourth Circuit recently held that a district court abused its discretion because, in part, "the balance of [the movant's] relevant § 3553(a) factors has shifted, and we find that his sentence is no longer just." 57 F.4th 167, 176 (4th Cir. 2023). But *Malone* is inapposite. Unlike the *Malone* district court's "terse," "one-page order"—which failed entirely to mention a single section 3553(a) factor or explain how the district court weighed them—the district court here considered the sentencing factors explicitly, while weighing them against Mr. Moreno's present cancer diagnosis and 27 years of incarceration. We recognize that other judges may have weighed Mr. Moreno's medical condition, his

3

rehabilitative efforts, and the section 3553(a) factors differently but "'mere disagreement' with the weight of [the section 3553(a)] factors 'does not amount to an abuse of discretion.'" *Wright*, 46 F.4th at 948 (quoting *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013)).

**AFFIRMED.**