NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50163 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:21-cr-00246-PA-1 |
| ROBERT BENLEVI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted November 15, 2023
Submission Vacated June 26, 2024
Resubmitted January 31, 2025
Pasadena, California

Before: PARKER,** BYBEE, and LEE, Circuit Judges.

Robert Benlevi appeals from a judgment of conviction in the United States

District Court for the Central District of California. Benlevi's prosecution arose

from his participation in a scheme involving the submission of around $27 million

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barrington D. Parker, United States Circuit Judge for
the U.S. Court of Appeals for the Second Circuit, sitting by designation.

worth of false Paycheck Protection Program (PPP) loan applications. At trial, the jury convicted him of bank fraud, submitting false statements to financial institutions, and money laundering. *See* 18 U.S.C. §§ 1344(2), 1014, and 1957. On appeal, Benlevi contends that the district court erred in its denial of his motion to suppress evidence seized in a search of his residence and in its refusal to hold an evidentiary hearing into the circumstances surrounding the search. He also contends that his sentence of 135 months' imprisonment was procedurally and substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Benlevi contends that evidence found in his home and introduced at trial should have been suppressed because the police officers used excessive force by failing to knock and announce their presence before entering. We review de novo the denial of a motion to suppress and find no error. *United States v. Crawford,* 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc). We have been clear that "the exclusionary rule is inapplicable to knock-and-announce violations" where, as here, the alleged Fourth Amendment violation and the discovery of evidence lack the causal nexus required to invoke the exclusionary rule. *See United States v. Ankeny,* 502 F.3d 829, 836 (9th Cir. 2007) (internal quotations and citation omitted); *see United States v. Pulliam,* 405 F.3d 782, 791 (9th Cir. 2005) (denying suppression because "the indispensable causal connection" between the unlawful act and discovery of the evidence was absent). The police had a warrant to search Benlevi's

residence, the validity of which is not questioned. Therefore, the circumstances surrounding the officers' entry do not change the fact that "the police would have executed the warrant they had obtained, and would have discovered the [evidence] inside the house." *Ankeny*, 502 F.3d at 835 (internal quotations and citation omitted). Under these circumstances, suppression was not required, and the district court did not abuse its discretion in declining to hold an evidentiary hearing because one was not necessary to resolve Benlevi's motion.

2.      Benlevi next argues that his sentence was procedurally unreasonable because the district court improperly relied on the definition of "loss" in Application Note 3A to United States Sentencing Guidelines § 2B1.1. Specifically, he contends that because "loss" in § 2B1.1 does not encompass "intended loss" as used in the Commentary, applying intended loss to enhance his sentence impermissibly expanded § 2B1.1.[1] Because he did not raise this issue below, we apply plain error review. *United States v. Hackett*, 123 F.4th 1005, 1011 (9th Cir. 2024).

Error cannot be plain when, as here, "the Supreme Court and this court have not spoken on the subject, and the authority in other circuits is split." *United States v. Thompson*, 82 F.3d 849, 855 (9th Cir. 1996) (internal quotations and citation omitted). We have not grappled with this issue and there is no consensus among the circuits on whether the definition of "loss" set forth in the Commentary to § 2B1.1

---

[1]      We note that Benlevi was sentenced using the 2021 Guidelines.

goes beyond the ordinary meaning of loss. *Hackett*, 123 F.4th at 1015.

3.      Finally, we conclude that the district court's sentence was substantively reasonable.  At sentencing, the district court presented a balanced account of the relevant positive and negative factors and provided sufficient explanation for its conclusion that Benlevi warranted a substantial custodial sentence. See *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013).  Benlevi's argument that his sentence is more restrictive than necessary evinces his disagreement with the district court's sentence.  However, "mere disagreement does not amount to an abuse of discretion." *United States v. Wright*, 46 F.4th 938, 952 (9th Cir. 2022) (internal quotations and citation omitted).

**AFFIRMED.**