NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50164 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00616-BAS-1 |
| v. | |
| OSWALDO ORNELAS, AKA Snoop, AKA Snoopy, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted January 20, 2021[**]

Before:      McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Oswaldo Ornelas appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ornelas contends that the district court erred by denying his motion and by

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failing to give reasons for the denial. The district court did not abuse its discretion in concluding that compassionate release was not warranted.[1] The district court acknowledged that Ornelas's medical conditions placed him at a higher risk of serious illness from COVID-19. It concluded, however, that this risk was outweighed by the danger to the community that Ornelas would pose if released, as evidenced by his long history of drug trafficking, his violent criminal history, and the fact that neither his prior drug conviction nor his medical conditions deterred him from reoffending. *See* 18 U.S.C. § 3582(c)(1)(A) (courts must consider the 18 U.S.C. § 3553(a) sentencing factors when determining whether to grant compassionate release); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C). The court fully explained its reasons for reaching this conclusion, which is supported by the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

**AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). We accept for purposes of this appeal the government's undisputed assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i).