**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50184 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00145-DMS-1 |
| v. | |
| CHRISTIAN CLEWS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Christian Clews appeals from the district court's order denying his motion to reduce his sentence to time-served, with home confinement as a condition of supervised release, under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by denying Clews's motion.[1] The district court acknowledged that Clews's medical conditions placed him at a higher risk of serious illness from COVID-19. It concluded, however, that this risk was outweighed by the danger to the community posed by releasing Clews to his family's ranch, as evidenced by (1) his "disturbing" conduct, (2) credible allegations that he abused his position at the ranch to sexually exploit minors over the course of almost 25 years, and (3) the absence of evidence of rehabilitation. The district court did not clearly err in finding that Clews remained a danger to the community. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

The district court also concluded that release to home confinement was not warranted in light of the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (courts must consider the § 3553(a) sentencing factors when determining whether to grant compassionate release). In addition to the reasons noted above, the district court determined that a sentence modification was not

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). We assume for purposes of this appeal that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i). However, even under de novo review, we would affirm.

warranted in light of the nature and circumstances of Clews's offense, his history, the fact that Clews had served only roughly 2 years of his 14-year sentence, and the needs for just punishment, to promote respect for the law, to protect the public, and for correctional treatment. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (C)-(D). The district court reasonably weighed the relevant factors and did not abuse its discretion.

**AFFIRMED.**