**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30247 |
| Plaintiff-Appellee, | D.C. Nos.<br>9:15-cr-00006-DLC-1<br>9:15-cr-00006-DLC |
| v. | |
| YUSUF DESHAWN REEVES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Yusuf Deshawn Reeves appeals from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). We have

jurisdiction under 28 U.S.C. § 1291. We review § 3582(c)(1) decisions for abuse

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of discretion, *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and we affirm.

Reeves contends that the district court abused its discretion by placing more weight on his potential for future dangerousness than his good conduct while in prison, failing to consider the factors set forth in 18 U.S.C. § 3553(a). Although the court did not specifically mention Reeves's conduct while incarcerated, the court's explanation reflects that the court considered the § 3553(a) factors and Reeves's arguments, and concluded that Reeves remained a danger to the community. U.S.S.G. § 1B1.13(2); 18 U.S.C. § 1342(g); *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."). Considering the facts of Reeves's offense, the court's finding that Reeves posed a safety risk to the public was not clearly erroneous. *See United States v. Mercado-Moreno*, 869 F.3d 942, 953 (9th Cir. 2017) ("In reviewing for abuse of discretion . . . [w]e will reverse only if the district court relied on an erroneous legal standard or clearly erroneous findings of fact."). In light of the totality of the circumstances, the district court did not abuse its discretion by denying Reeves's motion. *See United States v. Dunn*, 728 F.3d 1151, 1160 (9th Cir. 2013).

**AFFIRMED.**