NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. LAWRENCE J. GERRANS, AKA Larry Gerrans, Defendant - Appellant. | No. 23-3822 D.C. No. 3:18-cr-00310-EMC-1 MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted November 14, 2024**
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL, District
Judge.***

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

Following a jury trial, Lawrence Gerrans was convicted on multiple counts of wire fraud and related offenses, and he was sentenced to 135 months of imprisonment. We affirmed his conviction and sentence. *United States v. Gerrans*, No. 20-10378, 2022 WL 73051 (9th Cir. Jan. 7, 2022). He now appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court may grant a defendant's motion for a sentence reduction if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The defendant must have complied with the statutory exhaustion requirement, and the reduction must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement. *Id.*; *see* U.S.S.G. § 1B1.13. District courts can deny compassionate release if the defendant fails to satisfy any one of the above requirements. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). We review the district court's decision for abuse of discretion. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013)).

The district court did not abuse its discretion by concluding that no extraordinary and compelling reasons warrant a reduction in Gerrans's sentence.

Gerrans argues that the court erred when it found that his conditions of confinement during the COVID-19 pandemic were "hardly unique." He contends that he was singled out for harsh treatment before and during the pandemic, housed in isolation, and shuttled between numerous facilities as a result of his advocacy for better prison conditions. But it was Gerrans's burden to show that his conditions of confinement were unusually harsh, *see United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022), and he provided no independent evidence to support his contentions. Further, while Gerrans now argues on appeal that he was targeted for transfers and solitary confinement as retaliation and that the district court failed to assess the uniquely harsh conditions of his confinement in that light, Gerrans did not present this argument in his motion to the district court. The district court did not clearly err in finding that the "lockdowns and restrictions . . . faced by Mr. Gerrans," though "unfortunate[]," were similar to those imposed on "[t]housands of individuals incarcerated during the COVID pandemic." In any event, the district court's denial of relief did not depend on that finding. To the contrary, the court acknowledged that the "harsh conditions" of Mr. Gerrans's confinement "might be considered should he petition for compassionate release in the future," but it explained that they did not warrant a reduction at this time given that Gerrans had served less than half of his sentence.

Gerrans also argues that the district court erred in its findings concerning

23-3822

medical care. *See* U.S.S.G. § 1B1.13(b)(1)(C). Below, he framed that argument primarily in terms of his increased risk of being infected with COVID; the court rejected the argument because Gerrans had declined the COVID vaccine. Now, Gerrans asserts that the Bureau of Prisons withheld adequate care regardless of any COVID risk. The district court did not abuse its discretion by failing to grant compassionate release on those grounds. Although medical records showed that prison staff sometimes did not renew Gerrans's prescriptions until after he ran out of medication, they also showed that Gerrans was being prescribed appropriate medication to treat his conditions and that he remained in stable condition. Gerrans contends that the medical note from 2021 stating that he "admits not consistently taking his medications . . . but plans to be more compliant" reflected a provider's misinterpretation of his statements, but even so, the district court did not clearly err by finding that "there is evidence in the record showing that Mr. Gerrans has not consistently taken medication prescribed to him to manage his high blood pressure."

Finally, Gerrans argues that the court failed to recognize that it could reduce his sentence without granting him immediate release. But Gerrans never argued before the district court that he should receive a reduction to a sentence greater than time served. That the district court did not expressly discuss the possibility of a lesser sentence reduction therefore reflects the relief Gerrans sought, not a

4                                                                                          23-3822

misunderstanding of the applicable law. *Cf. Wright*, 46 F.4th at 953 (holding that a district court need not discuss alternative forms of relief mentioned by the defendant "in passing" when denying a motion for compassionate release).

**AFFIRMED.**