NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br> v.<br><br>MORGAN VICTOR PITSCH,<br><br>       Defendant - Appellant. | No. 24-4184<br><br>D.C. No.<br>6:19-cr-00006-BMM-4<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted April 3, 2025**
Portland, Oregon

Before: BYBEE and FORREST, Circuit Judges, and RODRIGUEZ, District Judge.***

Defendant Morgan Pitsch appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Reviewing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

for abuse of discretion, *see United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022), we affirm.

Pitsch sought compassionate release on the grounds that he is at risk of physical, emotional, and mental harm.[1] He contends that the district court abused its discretion in concluding that he is not currently incarcerated in a facility that poses an actual threat to his safety. Yet the record reflects that the court concluded that Pitsch *admitted* his transfer to a new facility "sufficed" to quell any concerns about his safety. The district court reasonably concluded that Pitsch's "state of anxiety, worry and fear" did not amount to an actual threat to his safety. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record (citations omitted)).

The district court also discussed Pitsch's initial sentence, including the variety of factors it considered in fashioning an appropriate sentence. Pitsch contends that this discussion revealed that the district court erroneously based his initial sentence off differently situated co-defendants. But read in context, the district court merely described Pitsch's sentence, which was not material to its decision to deny Pitsch's motion for compassionate release. Instead, the district court concluded that Pitsch's

---

[1] To the extent that record information referenced in this disposition has been filed under seal, we hereby unseal it for the limited purpose of this disposition.

initial sentence was not an extraordinary and compelling circumstance for relief.

Pitsch raises a similar challenge to the district court's separate analysis of the 18 U.S.C. § 3553(a) factors, arguing that the court erred by using imprecise sentencing data that failed to account for Pitsch's specific guideline range. But the district court acknowledged Pitsch's sentence fell below these sentence lengths, and explained that its analysis was based on other factors, including the nature of the offense, Pitsch's criminal history, and his lack of rehabilitation. Any argument that the district court should have given more weight to other factors amounts to "mere disagreement" and is not an "abuse of discretion." *Wright*, 46 F.4th at 948 (quoting *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013)).

**AFFIRMED.**

24-4184