NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-565 |
| Plaintiff - Appellee, | D.C. No. 1:17-cr-00104-JMS-KJM-1 |
| v. | |
| LEIHINAHINA SULLIVAN, AKA Jen, AKA Jennifer Sullivan, AKA Jennifer, AKA Lei Sullivan, AKA Lei, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted July 15, 2025**

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Leihinahina Sullivan appeals pro se from the district court's orders denying

her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and denying

reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court agreed with Sullivan that she was eligible for a sentence reduction under Amendment 821 to U.S.S.G. § 4A1.1. It determined, however, that the 18 U.S.C. § 3553(a) factors did not support any reduction in Sullivan's 180-month sentence. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010) (describing the two-step process for evaluating a § 3582(c)(2) motion). Sullivan contends the district court erred in evaluating the § 3553(a) factors because it did not consider her rehabilitation and other mitigating evidence that has arisen since her sentencing, nor did it consider sentencing disparities with other defendants.

The district court did not abuse its discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). The court properly considered the nature and circumstances of Sullivan's offense, her obstructive conduct throughout the proceedings, her criminal history, and her failure to take responsibility for her offense. *See* 18 U.S.C. § 3553(a); *Dunn,* 728 F.3d at 1159-60. Moreover, contrary to Sullivan's argument, the court considered her post-sentencing conduct and possible sentencing disparities and reasonably concluded that neither factor supported relief.

To the extent Sullivan asserts that errors at her original sentencing supported a sentence reduction, her arguments go beyond the scope of a § 3582(c)(2) motion. *See Dillon*, 560 U.S. at 831.

**AFFIRMED.**